UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CAESARS ENTERPRISE SERVICES, LLC**        **CIVIL ACTION NO:**

**Plaintiff,**

**v.**

**LESLIE MCMURRAY AND**
**RICE & KENDING, LLC**

**Defendants.**

---

### COMPLAINT
---

**NOW COMES** Plaintiff, Caesars Enterprise Services, LLC ("Caesars"), on behalf of the Caesars Enterprise Services, LLC Welfare Benefit Plan ("Plaintiff" or the "Plan"), and files this Complaint showing the Court as follows:

### NATURE OF COMPLAINT

1.

This is an action to enforce the terms of the Plan and to obtain appropriate equitable relief, as authorized by the federal common law and statutory scheme of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

### PARTIES

2.

Caesars is a fiduciary of the Plan, and, therefore, is authorized to bring this action under 29

U.S.C. § 1132(a)(3).

**3.**

The Plan is a self-funded employee welfare benefit plan covered by ERISA.

**4.**

Upon information and belief, Defendant, Leslie McMurray ("McMurray"), is a citizen of the United States, residing in Shreveport, Louisiana.

**5.**

Upon information and belief, Defendant, Rice & Kending, LLC ("Rice & Kending"), is a law firm located in Shreveport, Louisiana.

### **JURISDICTION**

**6.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as it has original and exclusive jurisdiction over Plaintiff's claims for relief pursuant to 29 U.S.C. § 1132(e)(1).

### **VENUE**

**7.**

Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because Defendant resides in this judicial district, and, upon information and belief, at least some of the settlement funds at issue are being held within this judicial district.

### **FACTS**

**8.**

At all times relevant to this action, McMurray was a covered dependent ("Participant") under the Plan.

**9.**

Upon information and belief, McMurray was injured in an automobile accident on or about

February 27, 2019 ("Accident").

**10.**

In connection with the Accident, the Plan paid benefits on behalf of McMurray in the amount of $56,201.75.

**11.**

The Plan contains a section entitled "Expenses for Which a Third-Party May Be Responsible: The Plan's Subrogation, Reimbursement, and Recovery Rights" which states as follows:

> **Expenses for Which a Third-Party May Be Responsible: The Plan's Subrogation, Reimbursement, and Recovery Rights Expenses Not Covered**
>
> This plan does not cover:
>
> • Expenses incurred by you or your Dependent (hereinafter individually and collectively referred to in this section as a "Participant,") for which another party may be responsible as a result of having caused or contributed to an Injury or Sickness.
>
> • Expenses incurred by a Participant to the extent any payment is received for them either directly or indirectly from a third-party tortfeasor or as a result of a settlement, judgment or arbitration award in connection with any automobile medical, automobile no-fault, uninsured or underinsured motorist, homeowners, workers' compensation, government insurance (other than Medicaid), or similar type of insurance or coverage.
>
> **Subrogation, Reimbursement and Recovery Rights**
> • In the event that benefits are provided under this Plan to or on behalf of any Participant as the result of an injury or illness caused by a third party or organization, the Plan shall be subrogated to all of the Participant's rights of recovery against any such person or organization causing the injury or illness to the extent of the benefits provided. The Participant and his or her authorized representatives shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.
> • The Plan is also granted a right of reimbursement from the proceeds of any recovery whether by settlement, judgment, or otherwise.
> • The subrogation, recovery and reimbursement rights and liens apply to any recoveries made by or payments made to the Covered Person, including, but not limited to, the following:
> • Payments made directly by the third-party tortfeasor, or any insurance

company on behalf of the third-party tortfeasor, or any other payments on behalf of the third-party tortfeasor, or payments made from any other source intended to compensate a Covered Person for injuries sustained or other damages.
- Any payments or settlements or judgment or arbitration awards paid by any insurance company under an uninsured or underinsured motorist coverage, whether on behalf of a Covered Person or other person.
- Any worker's compensation award or settlement.
- Any recovery made pursuant to no-fault insurance.
- Any medical payments made as a result of such coverage in any automobile or homeowners insurance policy.

**Lien of the Plan**

By accepting benefits under this plan, a Participant:
- grants a lien, which shall be prior to all other liens, on the proceeds of any settlement, judgment or other payment intended for, payable to, or received by the Participant or his/her representatives, and the Participant hereby consents to said lien and agrees to take whatever steps are necessary to help the company secure said lien. assigns to the plan an amount equal to the benefits paid under the plan against any recovery made by or on behalf of the Participant which is binding on any attorney or other party who represents the Participant whether or not an agent of the Participant or of any insurance company or other financially responsible party against whom a Participant may have a claim provided said attorney, insurance carrier or other party has been notified by the plan or its agents; agrees that this lien shall constitute a charge against the proceeds of any recovery and the plan shall be entitled to assert a security interest thereon; the Participant and his/her representatives agree to hold the proceeds of any settlement in trust for the benefit of the Plan to the extent of 100% of all benefits paid on behalf of the Participant.
- agrees to hold the proceeds of any recovery in trust for the benefit of the plan to the extent of any payment made by the plan.

**Additional Terms**
- No adult Participant hereunder may assign any rights that it may have to recover medical expenses from any third party or other person or entity to any minor Dependent of said adult Participant without the prior express written consent of the plan. The plan's right to recover shall apply to decedents', minors', and incompetent or disabled persons' settlements or recoveries.
- No Participant shall make any settlement, which specifically reduces or excludes, or attempts to reduce or exclude, the benefits provided by the plan.
- The subrogation rights and rights of recovery and reimbursement of the plan shall not be defeated nor reduced by the application of any so-called "Made-Whole Doctrine", "Rimes Doctrine", or any other such doctrine purporting to defeat the plan's rights, for example, by allocating the proceeds exclusively to non-medical expense damages.
- No Participant hereunder shall incur any expenses on behalf of the plan in pursuit of the plan's rights hereunder, specifically; no court costs, attorneys' fees or other representatives' fees may be deducted from the plan's recovery without the

4

prior express written consent of the plan. This right shall not be defeated by any so-called "Fund Doctrine", "Common Fund Doctrine", "Attorney's Fund Doctrine" or any similar rule.

- The plan shall recover the full amount of benefits provided hereunder without regard to any claim of fault on the part of any Participant, whether under comparative negligence or otherwise.
- In the event that a Participant shall fail or refuse to honor its obligations hereunder, then the plan shall be entitled to recover any costs incurred in enforcing the terms hereof including, but not limited to, attorney's fees, litigation, court costs, and other expenses. The plan shall also be entitled to offset any obligation of the Participant under this section against any entitlement to future medical benefits hereunder until the Participant has fully complied with his or her obligations hereunder, regardless of how those future medical benefits are incurred.
- No state law shall be applicable to the plan's rights of subrogation, recovery and reimbursement. Any reference to state law in any other provision of this plan shall not be applicable to this provision, since this plan is governed by ERISA. By acceptance of benefits under the plan, the Participant agrees that a breach hereof would cause irreparable and substantial harm and that no adequate remedy at law would exist. Further, the Plan shall be entitled to invoke such equitable remedies as may be necessary to enforce the terms of the plan, including, but not limited to, specific performance, restitution, the imposition of an equitable lien and/or constructive trust, as well as injunctive relief.

**12.**

Upon information and belief, McMurray settled all or a portion of the claims related to the Accident for approximately $125,000 with the assistance of Rice & Kending.

**13.**

Caesars, on behalf of the Plan, asserted the Plan's right of reimbursement as to the benefits the Plan. Defendants have refused to fully reimburse the Plan as required by the Plan's terms.

**14.**

Caesars brings this action to seek enforcement under ERISA of it right of reimbursement in the amount of $56,201.75 ("Disputed Funds").

**15.**

Rice & Kending is named as a Defendant because upon in formation and belief, the law firm has possession of some or all of the Disputed Funds.

## COUNT I -ENFORCEMENT OF THE TERMS OF THE PLAN

**16.**

Caesars restates and realleges Paragraphs 1-15 of the Complaint as if fully set forth herein.

**17.**

Pursuant to 29 U.S.C. § 1132(a)(3), Caesars seeks equitable relief on behalf of the Plan, including, but not limited to, equitable lien to enforce ERISA and the terms of the Plan, equitable lien by restitution, equitable lien by agreement, and imposition of a constructive trust with respect to the Disputed Funds.

**18.**

Because McMurray is obligated, under the terms of the Plan, to reimburse the Plan for benefits paid, Defendants are in possession of funds which belong in good conscience to the Plan.

**19.**

Defendants have violated the terms of the Plan by refusing to fully reimburse the Plan to the extent of benefits paid out of the recovered funds.

**20.**

Because Defendants refusal to fully reimburse the Plan violates the Plan terms, this Court should enter an Order enforcing the terms of the Plan requiring Defendants to reimburse the Plan in the amount of $56,201.75.

## COUNT II – CLAIM FOR ATTORNEYS' FEES AND COSTS UNDER ERISA § 502(g)(1) AND THE TERMS OF THE PLAN

**21.**

Caesars restates and realleges Paragraphs 1-20 of the Complaint as if fully set forth herein.

**22.**

ERISA § 502(g)(1) provides that, in any action brought by a participant, beneficiary, or

fiduciary under that subchapter, the Court, in its discretion, may allow reasonable attorneys' fees and costs to either party.

**23.**

Further, the Plan provides the Plan has the right to recover any and all attorneys' fees and costs incurred by the Plan in order to collect Accident-based settlement funds held by Defendants.

**24.**

Considering Defendants violation of the terms of the Plan, the Plan is entitled to recover its attorneys' fees and costs incurred relating to this matter. Such an award is appropriate and proper under ERISA § 502(g)(1), as well as the clear and unambiguous terms of the Plan.

**PRAYER FOR RELIEF**

**WHEREFORE**, Caesars, on behalf of the Plan, requests that the Court enter an Order granting a declaratory judgment, equitable lien by agreement, constructive trust, and restitution against Defendants and requiring Defendants to turn over to the Plan $56,201.75, including appropriate pre-judgment and post-judgment interest, and any other relief to which the Plan is entitled, including any declaratory and injunctive relief necessary to enable Caesars to obtain relief sought above. Further, Caesars requests that the Court award it reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

Respectively submitted:

BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 325-8700
Facsimile: (225) 325-8800

By: /s/ Keith J. Fernandez
    Keith J. Fernandez, T.A. (La. Bar Roll #33124)
    Connell L. Archey (La. Bar Roll #20086)

>Allena W. McCain (La. Bar Roll #38830)
>keith.fernandez@butlersnow.com
>connell.archey@butlersnow.com
>allena.mccain@butlersnow.com
>
>Attorneys for **Caesars Enterprise Services, LLC on behalf of the Caesars Enterprise Services, LLC Welfare Benefit Plan**

51642971.v1